UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEAN WAYNE NULL and ) <br> ERKIOS SYSTEMS, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ENTREPRENEUR STARTUP ) <br> BUSINESS DEVELOPMENT, d/b/a/ ) <br> ARCH GRANTS, and ) <br> GABE ANGIERI, ) <br> ) <br> Defendants. ) | Case No. 4:23-cv-00702-SRC |

**Memorandum and Order**

On February 9, 2024, the Court dismissed, without prejudice, all of Plaintiffs' claims, including their claims under Title VI of the Civil Rights Act of 1964. Doc. 31. Now, Defendants move the Court to award them attorneys' fees incurred in prosecuting their Motion to Dismiss. *See* doc. 34. The Court denies their motion for fees without prejudice.

Defendants make two arguments in favor of a fee award. First, under "the bedrock principle known as the 'American Rule' . . . [e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 25–53 (2010). Defendants argue that here, a contract—namely, the agreement signed by Arch Grants and Erkios Systems, *see* doc. 34-1 at 4–24—does provide otherwise: they cite language therein stating that "[t]he Parties agree that Arch Grants shall be entitled to recover its attorneys' fees incurred in any action necessary to enforce the terms of this Agreement or to recover all or part of the Grant." Doc. 34 at 4 (quoting doc. 34-1 at 11). But this lawsuit did not serve to enforce the terms of the agreement. Plaintiffs brought three claims: race discrimination

under Title VI; race discrimination under Missouri state law; and breach of the implied covenant of good faith and fair dealing.  *See* doc. 1.  The Court only addressed the Title VI claims on the merits, declining to exercise supplemental jurisdiction over the state-law claims.  *See* doc. 31.  Accordingly, this suit was not "necessary to enforce the terms of [the] Agreement," doc. 34-1 at 11, and that contractual language is insufficient to overcome the American Rule in this case.  Further, the Court is mindful of ongoing and related litigation in Missouri state court, *see Erkios Sys., Inc. v. Entrepreneur Startup Bus.*, No. 2222-CC09533, and defers to the state court to determine whether any breach of contract or sanctionable conduct has occurred.

Second, Defendants argue that the Court should award them attorneys' fees under 42 U.S.C. § 1988(b), which provides that "[i]n any action or proceeding to enforce a provision of . . . title VI of the Civil Rights Act of 1964 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ."  They point to caselaw interpreting that statute for the proposition that "a party who prevails on a claim under Title VI 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'"  Doc. 34 at 6 (quoting *Lefemine v. Wideman*, 568 U.S. 1, 5 (2012), which in turn quotes *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)).  But that caselaw is inapposite and misstates the standard applicable here.  In *Hensley*, the Supreme Court relied on the legislative history of § 1988(b) to hold that "a prevailing *plaintiff* should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."  461 U.S. at 429 (citations and internal quotation marks omitted) (emphasis added).  *Lefemine*, likewise, featured a prevailing plaintiff and applied the same standard. 568 U.S. at 2, 11–12.  But in *Fox v. Vice*, 563 U.S. 826 (2011), the Supreme Court explained that the same statute "authorizes a fee award to a prevailing *defendant*, but under a different standard reflecting the 'quite different equitable considerations'

2

at stake." *Id.* at 833 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 419 (1978)) (emphasis added). In other words, the same statutory language gives rise to two different standards, each applicable depending on whether the prevailing party is the plaintiff or the defendant. When the defendant is the prevailing party under § 1988(b), the statute "authorizes a district court to award attorney's fees . . . 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Id.* (quoting *Christiansburg*, 434 U.S. at 421). The Court also established a but-for test for determining whether to award fees to a prevailing defendant: "Section 1988 permits the defendant to receive only the portion of his fees that he would not have paid but for the frivolous claims" (as opposed to those fees that the defendant might have paid as a result of non-frivolous claims in the same suit). *Id.* at 836. "A trial court has wide discretion in applying this standard." *Id.* at 829; *see id.* at 838 ("appellate courts must give substantial deference to these determinations . . . . We can hardly think of a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it").

On that standard, the Court declines to award Defendants attorneys' fees in this case. First, the Court notes that by its own terms, § 1988(b) would apply only to the Title VI claims in this case, not to those state-law claims over which the Court declined to exercise supplemental jurisdiction. Defendants' motion for fees and affidavit in support, however, do not distinguish between fees incurred as a consequence of defending against the Title VI claims and those incurred as a consequence of defending the two state-law claims. *See* doc. 34 at 6–8 (basing the attorneys'-fees calculation on "time reasonably incurred in prosecuting Defendants' Motion to Dismiss"); doc. 34-1 at 2 (same). Accordingly, the Court could not award Defendants the full $13,299.50 that they seek. But even when the Court separately considers the claims covered under § 1988(b), it finds that those Title VI claims were not "frivolous, unreasonable, or without

3

foundation." *Fox*, 563 U.S. at 833 (quoting *Christiansburg*, 434 U.S. at 421).  The Court dismissed the Title VI claim as to one defendant following careful statutory interpretation, *see* doc. 31 at 5–7, and as to the other for failure to plead sufficient facts, *see id.* at 5–12, but Plaintiffs' failure on the merits of their claims does not *ipso facto* yield the inference that those claims were "frivolous, unreasonable, or without foundation." *See Christiansburg*, 434 U.S. at 421–22 ("it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.  This kind of logic could discourage all but the most airtight claims").

      Defendants insist that "Plaintiffs' pre-filing conduct and timing of this Complaint, in combination with their distinctively unsupported and conclusory pleading betray Plaintiffs' improper motivations in filing this action."  Doc. 34 at 6.  To support that assertion, Defendants point to an e-mail chain in which Plaintiffs notified Defendants of their intent to commence this lawsuit in federal court and suggested that the parties agree to dismiss the claims and counterclaims pending in state court.  *See* doc. 34 at 2–3; doc. 34-1 at 25–29.  But Plaintiffs did not condition any part of this federal lawsuit on Defendants' response to their suggestion regarding the state-court suit.  *See* doc. 34-1 at 25–29.  And in any event, Plaintiffs were well within their rights to initiate this lawsuit, and their suggestion that the parties agree to voluntarily dismiss all state-court claims does not render this federal action "frivolous, unreasonable, or without foundation."

      Accordingly, the Court denies Defendants' [34] Motion for attorneys' fees.

      So ordered this 1st day of March 2024.

4

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE